IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO.<br>a/s/o LEROY KEAN<br>One State Farm Place<br>Bloomington, IL  61710-0001<br>        Plaintiff<br>    v.<br>PAULO SILVA individually and d/b/a<br>VILAR CONSTRUCTION<br>135 McKean Street<br>Philadelphia, PA 19148<br>and<br>VILAR CONSTRUCTION, LLC<br>135 McKean Street<br>Philadelphia, PA 19148<br>        Defendant(s) | Civil Action No.: |

## AMENDED COMPLAINT

Plaintiff, State Farm Fire & Casualty Company as subrogee of Leroy Kean (hereinafter "Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendants, and complains against them as follows:

### PARTIES

1.  Plaintiff is a commercial entity organized and existing under the laws of the State of Illinois, with its principal place of business located at One State Farm Place, Bloomington, IL.

2.  At all times relevant hereto, Plaintiff was duly authorized to engage in the business of insurance in the Commonwealth of Pennsylvania.

3.  At all times relevant hereto, Plaintiff provided property (*inter alia*) insurance to Leroy Kean (hereinafter "subrogor") in connection with his residential property located at 2004 Spruce Street in Philadelphia, PA (hereinafter "subject property") under a policy of insurance that was in full force and effect at all relevant times.

4. In the wake of the loss described below, as a result of claims made on said policy (which were duly paid pursuant thereto), Plaintiff became subrogated to certain recovery rights and interests of subrogor for monies paid thereunder, including the claims giving rise to this action.

5. Upon information and belief, at all times relevant hereto, Defendant Paulo Silva, individually and doing business as Vilar Construction (hereinafter "Silva"), was an adult individual residing at the above-captioned address.

6. Upon information and belief, at all times relevant hereto, Defendant Vilar Construction, LLC (hereinafter "Vilar") was a Pennsylvania limited liability company doing business at the above-captioned address; upon further information and belief, Silva – a Pennsylvania resident – was the sole member of the Vilar limited-liability company.

## JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

8. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

9. Upon information and belief, at all times relevant hereto, pursuant to a contract, Defendants were hired to perform remodeling services in the third-floor bathroom at the subject property.

10. Prior to July 28, 2017, Defendants did not properly perform the services they undertook to accomplish; such was the case in that – *inter alia* – Defendants negligently removed

and re-set the bathtub, and otherwise performed their work carelessly and not in compliance with the applicable standard of care.

11. As a direct and proximate result of the negligent and non-compliant acts and omissions of Defendants, a water loss occurred at the subject property; this caused extensive and severe damage at the subject property, as well as the imposition of additional expenses and hardships besides (including loss of use of the property).

### COUNT I – NEGLIGENCE – PLAINTIFF v. SILVA

12. Plaintiff hereby incorporates the allegations of the above paragraphs as though fully set forth herein at length.

13. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Silva, including negligent acts and/or omissions, as performed personally and/or by and through his agents, employees, subcontractors, and/or servants, more specifically described as follows:

- (a) failing to exercise reasonable care in the performance of duties in the installation, inspection and service of remodeling the bathroom, including but not limited to the removal and re-setting of the bathtub, as well as carelessly and negligently performing the following:
    - i. failing to competently remove and re-set the bathtub and component parts in a safe and appropriate manner;
    - ii. failing to ensure that proper techniques were employed, and applicable safety procedures followed, in removing and re-setting the bathtub; and/or
    - iii. failing to properly monitor the work of all agents, servants, subcontractors and/or employees during the installation, inspection and service of the remodeling job (including but not limited to the removal and re-setting of the bathtub and component parts) to ensure compliance with proper procedures.
- (b) failing to adequately instruct, supervise and/or train servants, employees, subcontractors and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

- (c) failing to adequately warn subrogor and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

- (d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

- (e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

- (f) failing to retain competent, qualified and/or able agents, subcontractors, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

- (g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to Silva's undertaking at the subject property.

14. As a direct and proximate result of such conduct, subrogor sustained and incurred damage to his real and personal property, as well as additional expenses and hardships besides, in an amount in excess of $150,000.00; to the extent these damages were paid pursuant to subrogor's insurance policy, Plaintiff became subrogated thereto.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Silva – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $150,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT II – BREACH OF CONTRACT – PLAINTIFF v. SILVA

15. Plaintiff hereby incorporates the allegations of the above paragraphs as though fully set forth herein at length.

16. Based upon the contract existing between subrogor and Silva (a copy of which is attached hereto and incorporated herewith as Exhibit "A"), Silva expressly and/or impliedly

promised that the activities he undertook in connection with remodeling the bathroom would be done in a good and workmanlike manner for the creation of a habitable property.

17. Pursuant to the contract, Silva was impliedly and/or expressly obligated to comply with all applicable federal, state and local laws, regulations and ordinances, as well as all industry standards, customs and practices.

18. Based upon the facts and allegations stated herein, Silva breached the contract.

19. Subrogor performed all conditions precedent to recover based upon such breach.

20. As a direct and proximate result of such breach, subrogor suffered the aforementioned damages to his real and personal property, as well as additional expenses (including loss of use), in an amount in excess of $150,000.00; to the extent these damages were paid under subrogor's insurance policy, Plaintiff became subrogated thereto.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Silva – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $150,000.00 plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT III – BREACH OF IMPLIED WARRANTIES – PLAINTIFF v. SILVA

21. Plaintiff hereby incorporates the allegations of the above paragraphs as though fully set forth herein at length.

22. In furtherance of the aforementioned services performed, Silva impliedly warranted that all work performed would be done in a reasonably workmanlike manner, and/or with quality workmanship, so as to create a habitable property.

23. Based upon the herein-alleged improper conduct by Silva (personally and/or through servants, employees, subcontractors and/or agents as set forth above), Silva breached these warranties.

24. Subrogor performed all conditions precedent to recover based upon such breach.

25. As a direct and proximate result of such breaches, subrogor suffered the aforementioned damages to his real and personal property, as well as additional hardship and expenses (including loss of use), in an amount in excess of $150,000.00; to the extent these damages were paid under Plaintiff's subrogor's insurance policy, Plaintiff became subrogated thereto.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Silva jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $150,000.00 plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT IV – NEGLIGENCE – PLAINTIFF v. VILAR

26. Plaintiff hereby incorporates the allegations of the above paragraphs as though fully set forth herein at length.

27. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Vilar, including negligent acts and/or omissions, as performed personally and/or by and through its agents, employees, subcontractors, and/or servants, more specifically described as follows:

    (a) failing to exercise reasonable care in the performance of duties in the installation, inspection and service of remodeling the bathroom, including but not limited to the removal and re-setting of the bathtub, as well as carelessly and negligently performing the following:

       i. failing to competently remove and re-set the bathtub and component parts in a safe and appropriate manner;

       ii. failing to ensure that proper techniques were employed, and applicable safety procedures followed, in removing and re-setting the bathtub; and/or

       iii. failing to properly monitor the work of all agents, servants, subcontractors and/or employees during the installation, inspection and service of the remodeling job (including but not limited to the removal and re-setting of the bathtub and component parts) to ensure compliance with proper procedures.

(b) failing to adequately instruct, supervise and/or train servants, employees, subcontractors and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c) failing to adequately warn subrogor and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f) failing to retain competent, qualified and/or able agents, subcontractors, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

(g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to Silva's undertaking at the subject property.

28. As a direct and proximate result of such conduct, subrogor sustained and incurred damage to his real and personal property, as well as additional expenses and hardships besides, in an amount in excess of $150,000.00; to the extent these damages were paid pursuant to subrogor's insurance policy, Plaintiff became subrogated thereto.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Vilar – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount

in excess of $150,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT II – BREACH OF CONTRACT – PLAINTIFF v. VILAR

29. Plaintiff hereby incorporates the allegations of the above paragraphs as though fully set forth herein at length.

30. Based upon the contract existing between subrogor and Vilar (a copy of which is attached hereto and incorporated herewith as Exhibit "A"), Vilar expressly and/or impliedly promised that the activities it undertook in connection with remodeling the bathroom would be done in a good and workmanlike manner for the creation of a habitable property.

31. Pursuant to the contract, Vilar was impliedly and/or expressly obligated to comply with all applicable federal, state and local laws, regulations and ordinances, as well as all industry standards, customs and practices.

32. Based upon the facts and allegations stated herein, Vilar breached the contract.

33. Subrogor performed all conditions precedent to recover based upon such breach.

34. As a direct and proximate result of such breach, subrogor suffered the aforementioned damages to his real and personal property, as well as additional expenses (including loss of use), in an amount in excess of $150,000.00; to the extent these damages were paid under subrogor's insurance policy, Plaintiff became subrogated thereto.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Vilar – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $150,000.00 plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT III – BREACH OF IMPLIED WARRANTIES – PLAINTIFF v. VILAR

35. Plaintiff hereby incorporates the allegations of the above paragraphs as though fully set forth herein at length.

36. In furtherance of the aforementioned services performed, Vilar impliedly warranted that all work performed would be done in a reasonably workmanlike manner, and/or with quality workmanship, so as to create a habitable property.

37. Based upon the herein-alleged improper conduct by Vilar (itself and/or through servants, employees, subcontractors and/or agents as set forth above), Vilar breached these warranties.

38. Subrogor performed all conditions precedent to recover based upon such breach.

39. As a direct and proximate result of such breaches, subrogor suffered the aforementioned damages to his real and personal property, as well as additional hardship and expenses (including loss of use), in an amount in excess of $150,000.00; to the extent these damages were paid under Plaintiff's subrogor's insurance policy, Plaintiff became subrogated thereto.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Vilar jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $150,000.00 plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

**de LUCA LEVINE LLC**

BY: _____
DANIEL J. de LUCA,
Attorneys for Plaintiff
PA74727
Three Valley Squire, Suite 220

<div style="text-align: right;">
Blue Bell, PA 19422  
215-383-0081  
ddeluca@delucalevine.com
</div>

Dated: <u>September 11, 2018</u>

# Exhibit A

PAULO SILVA
VILAR CONSTRUCTION
135 MCKEAN ST PHILA PA 19148
215-271-4544 610-659-3938

Contra

TO: Leroy Keen
2004 Spruce St
Phil Pa.

WORK PERFORMED AT: Bthroom Tile

DATE: 6-27-17

YOUR WORK ORDER NO:

OUR BID NO:

DESCRIPTION OF WORK PERFORMED:

Remove Vinyl Material from Bthroom floor.
Remove and Re-set Section of concrete in floor
Set new Marble floor Tile and Grout
install 2 New Marble Treads -
Cut and Re-install doors.
Re-set Tub and Sink and Toilet

Total - $5,400.00

Purchase and install:
Ceramic Toilet Paper Holder
and 2 Towel Holders

Total $195.00

Remove approx 10 6x6" Tiles
from wall and Re-set (matching)
existing Tile

Total - $600.00

08/7/21

Total - 6195.00
thank you

P. S.

All Material is guaranteed to be as specified, and the above work was performed in accordance with the drawings and specifications provided for the above work and was completed in a substantial workmanlike manner for the agreed sum of

Dollars $ 6195.00

This is a ☐ Partial ☒ Final invoice due and payable by 6-17

in accordance with our ☒ Agreement ☐ Proposal No. 06-313 Dated 6-17

# PAULO SILVA
# VILAR CONSTRUCTION
## 135 MCKEAN ST PHILA PA 19148
### 215-271-4544 610-659-3938

by Kean
04 SPRUCE St
hila PA 19103

21-17

YOUR WORK ORDER NO.

DESCRIPTION